## Aultman, Miller & Company v. A. L. Jackson, et al.

1. CREDITOR'S BILL—*when barred by laches.* Where no execution upon a judgment at law, made the basis of the bill, was issued to the county in which the judgment debtor continuously resided until nearly seven years after the rendition of such judgment, the defense of laches applies, at least so far as the transfer of personal property is concerned.

Creditor's bill. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed October 9, 1905.

ANDREWS & VAUSE and E. A. RICHARDSON, for appellant.

WALTER C. HEADEN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a creditor's bill by appellant, a corporation, against appellees, husband and wife, filed September 10, 1902, under the provisions of section 49 of chapter 22 of the statute, to subject the alleged beneficial interest of A. L. Jackson in certain real estate, the legal title to which is in Sarah R. Jackson, to the payment of its judgment against said A. L. Jackson.

Upon a hearing before the chancellor in the Circuit Court of Shelby County, the bill was dismissed for want of equity.

May 23, 1894, appellee A. L. Jackson, became indebted

to appellant in the sum of $125 for a binder, and on October 24, 1895, appellant recovered a judgment therefor against said appellee in the Circuit Court of Shelby County for $134.11 and costs of suit. November 20, 1895, an execution on said judgment issued to the sheriff of Moultrie county, which execution was never returned. June 7, 1902, an execution on said judgment issued to the sheriff of Shelby county, which execution was returned July 16, 1902, " no property found."

The evidence discloses the following facts relative to the property here involved: December 17, 1894, appellee A. L. Jackson, for the expressed consideration of $625, executed a bill of sale of substantially all his personal property consisting of farm machinery, live stock and growing grain, to his wife, Sarah R. Jackson. The bill of sale was recorded December 19, 1894. Appellees were then tenant farmers in a small way, and appellee A. L. Jackson also worked at his trade of carpenter and plasterer. December 14, 1895, appellee Sarah R. Jackson, her brother and sister, purchased at master's sale 125 acres of land belonging to their deceased father, for the sum of $2,520, and the same was subsequently divided between the three, Sarah R. Jackson taking forty-five acres in severalty. Her share as heir, being one-seventh, amounting to $360, she applied upon the purchase price of the land and the balance, amounting to $480, she paid part in cash and joined with the other purchasers in executing a mortgage of $700 on the premises, to secure the remainder. This mortgage was subsequently paid by the purchasers in equal parts, appellee Sarah R. Jackson, realizing her share thereof by a sale of the forty-five acres, which she then owned in severalty, for $1,000.

September 19, 1899, she purchased forty acres of the land, here involved, for $800, paying the purchase money in cash and taking the title in her own name, and on March 31, 1900, she purchased thirty acres for the sum of $1,000 and in payment therefor gave a mortgage on the seventy acres, which has since been paid by money realized in operating the land as a farm.

The execution issued upon the judgment, to the sheriff of Moultrie County, did not satisfy the requirements of section 49, chapter 22 of the statute, because it was not directed to the county in which appellee A. L. Jackson resided or in which he had property subject to execution, and was never returned *nulla bona* so as to establish the insolvency of the judgment debtor and the exhaustion of appellant's legal remedy.

A judgment debtor is presumed to have property in the county in which he resides or does business, and while a judgment creditor is bound to have execution issued to any county in which he has substantial reason to believe the judgment debtor has property subject to levy, he cannot be said to have exhausted his legal remedy so as to entitle him to file a creditor's bill under section 49 of the Chancery Code, until an execution issued to the county in which his judgment debtor resides has been returned *nulla bona.* Durand & Co. v. Gray et al., 129 Ill. 9.

No execution was issued upon appellant's judgment to Shelby county, in which the judgment debtor continuously resided, until June 7, 1902, nearly seven years after the rendition of such judgment, and we are of opinion that the defense of laches interposed by appellees in the court below, and here, is available to defeat appellant's right to a decree in this case, at least so far as the transfer of the personal property is concerned.

A majority of the court are of opinion there is nothing in the subsequent transactions involving the real estate that will justify a decree subjecting any part of it to the payment of the judgment; that said real estate was purchased by Sarah R. Jackson in good faith and that the consideration therefor was realized by her from her father's estate and her own earnings; that appellee A. L. Jackson bore no relation to the transactions inconsistent with the claim of his wife as sole owner of said real estate; and that the same is free from any claim by him, in equity, of the beneficial interest therein.    The decree is accordingly affirmed.

*Affirmed.*